# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 18-2903(L), et al.

**Caption [use short title]**

**Motion for:** Limited remand to recalculate disgorgement

Set forth below precise, complete statement of relief sought:

The Commission moves to remand these consolidated appeals to the district court for the limited purpose of recalculating Defendant-Appellant Iftikar Ahmed's disgorgement obligation consistent with the new 10-year statute of limitations in Section 21(d)(8)(A)(ii) of the Securities Exchange Act of 1934 as recently amended by Congress.

**U.S. SEC v. Ahmed**

**MOVING PARTY:** U.S. SEC
**OPPOSING PARTY:** Iftikar Ahmed; Shalini Ahmed et al, relief defendants

[✓] Plaintiff   [ ] Defendant
[ ] Appellant/Petitioner   [✓] Appellee/Respondent

**MOVING ATTORNEY:** Stephen G. Yoder
**OPPOSING ATTORNEY:** Please see attachment.

[name of attorney, with firm, address, phone number and e-mail]

U.S. SEC, Office of the General Counsel
100 F Street NE, Washington, DC  20549-9040
202-551-4532; yoders@sec.gov

Please see attachment.

**Court- Judge/ Agency appealed from:** U.S. District Court for the District of Connecticut (Arterton, J), No. 3:15-cv-00675

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[✓] Yes   [ ] No (explain):_____

Opposing counsel's position on motion:
[ ] Unopposed [✓] Opposed [ ] Don't Know
Does opposing counsel intend to file a response:
[ ] Yes [ ] No [✓] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?   [ ] Yes [ ] No
Has this relief been previously sought in this court?  [ ] Yes [ ] No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?   [ ] Yes [✓] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   [ ] Yes [✓] No  If yes, enter date:_____

**Signature of Moving Attorney:**

/s/ Stephen G. Yoder    **Date:** 01/13/2021    Service by: [✓] CM/ECF   [ ] Other [Attach proof of service]

Form T-1080 (rev.12-13)

# Attachment to Form T-1080

**Counsel for Defendant-Appellant Iftikar Ahmed:**

Vincent Levy, Esq.
Holwell Shuster & Goldberg LLP
425 Lexington Avenue
New York, NY 10017
646-837-5120
vlevy@hsgllp.com

**Counsel for Relief-Defendants-Appellants Shalini Ahmed, et al.:**

Adam G. Unikowsky, Esq.
Jenner & Block LLP
1099 New York Avenue NW
Washington, DC 20001
202-639-6041
aunikowsky@jenner.com

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff-Appellee, <br><br> NMR E-TAILING, LLC, <br><br> Intervenor-Appellee, <br><br> OAK MANAGEMENT CORPORATION, <br><br> Movant-Appellee, <br><br> v. <br><br> IFTIKAR AHMED, *et al.*, <br><br> Defendants-Appellants, <br><br> v. <br><br> JED HORWITT, <br><br> Receiver-Appellee. | Nos. 18-2903(L), 18-2932, 19-102, 19-103, 19-335, 19-2974, 19-3375, 19-3610, 19-3721 |

**MOTION OF THE SECURITIES AND EXCHANGE COMMISSION
FOR LIMITED REMAND**

The Securities and Exchange Commission respectfully moves to remand the captioned consolidated appeals for the limited purpose of recalculating Defendant-Appellant Iftikar Ahmed's disgorgement obligation consistent with recent amendments to Section 21(d) of the Securities Exchange Act of 1934 (the "Exchange

Act"), 15 U.S.C. § 78u(d). Attachment A is the current text of Exchange Act Section 21(d), as amended on January 1, 2021, by Section 6501 of the National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283 (the "NDAA"). Attachment B is Section 6501.[1]

As discussed below, these recent amendments expand the statute of limitations from five (5) to ten (10) years with respect to disgorgement as a remedy for fraud in the Commission's enforcement actions, and they expressly apply to any action pending as of their date of enactment. Remand is therefore appropriate to permit the district court to recalculate Ahmed's disgorgement based on the new 10-year statute of limitations, given that court's close familiarity with the facts including the potential availability of frozen assets to satisfy a larger disgorgement award and thereby compensate victims of Ahmed's fraud. Once the district court has recalculated Ahmed's disgorgement, the captioned appeals may be permitted to proceed.

Appellate counsel for Iftikar Ahmed and for the relief defendants have indicated that they oppose this motion.

---

[1] Because the NDAA was recently enacted, no official citation to Statutes at Large is available. Section 6501 of the NDAA as reproduced in Appendix B is excerpted from the enrolled bill H.R. 6395 as it appears at the official website of the Library of Congress. *See* Library of Congress, H.R. 6395, Enrolled Bill, https://www.congress.gov/bill/116th-congress/house-bill/6395/text/enr (last visited Jan. 13, 2021).

2

## BACKGROUND

These appeals stem from a civil law enforcement action brought by the Commission against Iftikar Ahmed, now a fugitive from justice living in India, for his theft of $65 million through a brazen securities fraud that he perpetrated through his employment with a venture capital firm between 2005 and 2015. The Commission's action sought disgorgement of all of Ahmed's unjust enrichment from the inception of his fraud, together with prejudgment interest, among other relief. D.33 at 5, 43.[2] At the Commission's request, the district court issued a preliminary injunction freezing the assets of Ahmed and the relief defendants (primarily Ahmed's wife and children) up to $118 million, and this Court affirmed the asset freeze on appeal. *SEC v. I-Cubed Domains, LLC*, 664 F. App'x 53 (2d Cir. 2016).

In 2017, the Supreme Court held in *Kokesh v. SEC* that "[d]isgorgement in the securities-enforcement context is a 'penalty' within the meaning of [28 U.S.C.] § 2462, and so disgorgement actions must be commenced within five years of the date the claim accrues." 137 S. Ct. 1635, 1639. Accordingly, while the district court granted summary judgment to the Commission on its fraud claims against Ahmed for the entire period from 2005 to 2015 (D.835 at 27-30), the court limited its disgorgement award against Ahmed to $42 million, representing his unjust enrichment during the five years before the Commission filed its action in 2015 (D.955 at 9-12). The district

---

[2] "D." refers to docket entries in *SEC v. Ahmed*, No. 3:15-cv-00675 (D. Conn.) (Arterton, J.).

3

court did not order disgorgement against the relief defendants and instead held that the frozen assets held by the relief defendants were, in reality, Ahmed's assets and therefore were available for collection to satisfy the judgment against Ahmed. D.955 at 10 n.4, 24 n.20.[3] In December 2018, the district court entered final judgment and placed the frozen assets under the control of a receiver as the functional equivalent of a *supersedeas* bond securing the judgment pending appeal. D.982; D.1052 at 7-8; D.1054 at 9; D.1070 at 5, 14-15.

Ahmed and the relief defendants then filed the captioned appeals in this Court to challenge the final judgment and the order appointing the receiver, among other orders. In November 2019, the Supreme Court granted certiorari in *Liu v. SEC* to decide "[w]hether the Securities and Exchange Commission may seek and obtain disgorgement from a court as 'equitable relief' for a securities law violation" following *Kokesh*. 140 S. Ct. 451. At the request of Ahmed and the relief defendants, and with no opposition from the Commission, this Court stayed the appeals pending the Supreme Court's decision in *Liu*. Doc. 286 in No. 18-2903 (Nov. 21, 2019). In June 2020, the Supreme Court held in *Liu* "that a disgorgement award that does not exceed a wrongdoer's net profits and is awarded for victims is equitable relief permissible under [15 U.S.C.] § 78u(d)(5)"—that is, under Exchange Act Section 21(d)(5). 140 S.

---

[3] The district court's amended final judgment explained that the Commission had preserved its alternative theory of relief-defendant liability but that the court need not address that theory because it had found that relief defendants were only nominal owners of Ahmed's frozen assets. D.1054 at 8-9.

4

Ct. 1936, 1940. This Court then reset the briefing schedule in the captioned appeals, and appellants' opening briefs are due on January 22, 2021. Doc. 446 in No. 18-2903 (Oct. 30, 2020).

On January 1, 2021, as already noted, Congress enacted the NDAA, Section 6501(a) of which amends Exchange Act Section 21(d). As amended, Section 21(d)(7) authorizes the Commission to seek disgorgement in its enforcement actions, and Section 21(d)(8)(A)(ii) states that "[t]he Commission may bring a claim for disgorgement under paragraph (7) . . . not later than 10 years after the latest date of the violation that gives rise to the action or proceeding in which the Commission seeks the claim if the violation involves" Section 10(b) of the Exchange Act, Section 17(a)(1) of the Securities Act of 1933, Section 206(1) of the Investment Advisers Act of 1940, or "any other provision of the securities laws for which scienter must be established." 15 U.S.C. § 78u(d)(7), (d)(8)(A)(ii)(I)-(IV). Moreover, Section 6501(b) of the NDAA states that these amendments "shall apply with respect to any action or proceeding that is pending on, or commenced on or after, the date of enactment of this Act."

## ARGUMENT

Limited remand of the captioned appeals is appropriate to permit the district court to recalculate Ahmed's disgorgement obligation consistent with the new 10-year statute of limitations in Exchange Act Section 21(d)(8)(A)(ii). The district court already granted summary judgment on the Commission's claims that Ahmed

5

committed securities fraud in violation of Section 10(b) of the Exchange Act, Section 17(a)(1) of the Securities Act of 1933, and Section 206(1) of the Investment Advisers Act of 1940. D.835. Ahmed's fraud thus supports application of the longer statute of limitations.

Moreover, these recent amendments expressly provide that they "shall apply with respect to any action or proceeding that is pending on . . . the date of enactment of" the NDAA. Section 6501(b). Accordingly, courts of appeals apply these amendments when "reviewing judgments still on appeal that were rendered before the law was enacted." *Plaut v. Spendthrift Farm*, 514 U.S. 211, 226-27 (1995).

In this context, remand will allow the district court to rely on its greater familiarity with the facts of the case in calculating the appropriate amount of disgorgement under the new statute of limitations. *See New England Merchants Nat'l Bank v. Iran Power Generation & Transmission Co.*, 646 F.2d 779, 783-84 (2d Cir. 1981) ("Ordinarily, where circumstances have changed between the ruling below and the decision on appeal, the preferred procedure is to remand to give the district court an opportunity to pass on the changed circumstances, unless the new situation demands one result only.") (internal quotation marks omitted). Among other considerations, the district court may ask the receiver for information concerning the availability of frozen assets to satisfy a larger disgorgement award and thereby compensate victims of Ahmed's fraud. The district court also may address in the first instance any objections Ahmed may raise to application of the new statute of limitations.

6

Finally, such a limited remand should take relatively little time—certainly less time than did holding these appeals in abeyance for most of a year pending the Supreme Court's decision in *Liu*, as this Court did at appellants' unopposed request. Were this Court to retain jurisdiction pending a decision by the district court, then the captioned appeals could resume following that decision. *See, e.g.*, 16 CHARLES ALAN WRIGHT, 16 FEDERAL PRACTICE & PROCEDURE § 3937.1 (3d ed. 2020).

## CONCLUSION

For the foregoing reasons, the captioned appeals should be remanded to the district court for the limited purpose of recalculating Ahmed's disgorgement obligation consistent with the new 10-year statute of limitations in Exchange Act Section 21(d)(8)(A)(ii).

    Respectfully submitted,

    /s/ Stephen G. Yoder
    Stephen G. Yoder
    Senior Litigation Counsel
    Securities and Exchange Commission
    100 F Street, N.E.
    Washington, D.C. 20549-9040
    (202) 551-4532

Dated: January 13, 2021

# CERTIFICATE OF COMPLIANCE

I hereby certify as follows:

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,428 words as counted using Microsoft Office Word 2010.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word 2010 in 14-Point Garamond.

/s/ Stephen G. Yoder
Stephen G. Yoder
Senior Litigation Counsel

Dated: January 13, 2021

# Attachment A

**Section 21(d) of the Securities Exchange Act of 1934, 15 U.S.C. 78u(d),
as amended by the National Defense Authorization Act for Fiscal Year 2021**

**Section 21(d) of the Securities Exchange Act of 1934, 15 U.S.C. 78u(d), as amended by the National Defense Authorization Act for Fiscal Year 2021**

**(d) Injunction Proceedings; Authority of Court to Prohibit Persons from Serving as Officers and Directors; Money Penalties in Civil Actions**

\* \* \*

> **(3) Civil Money Penalties And Authority To Seek Disgorgement in Civil Actions.—**
>
>> **(A) Authority of commission.—**
>> Whenever it shall appear to the Commission that any person has violated any provision of this chapter, the rules or regulations thereunder, or a cease-and-desist order entered by the Commission pursuant to section 78u–3 of this title, other than by committing a violation subject to a penalty pursuant to section 78u–1 of this title, the Commission may bring an action in a United States district court to seek, and the court shall have jurisdiction to impose, upon a proper showing, a civil penalty to be paid by the person who committed such violation. jurisdiction to—
>>
>>> **(i)** impose, upon a proper showing, a civil penalty to be paid by the person who committed such violation; and
>>>
>>> **(ii)** require disgorgement under paragraph (7) of any unjust enrichment by the person who received such unjust enrichment as a result of such violation.
>>
>> **(B) Amount of penalty.—**
>>
>>> **(i)** First tier.—
>>> The amount of the penalty a civil penalty imposed under subparagraph (A)(i) shall be determined by the court in light of the facts and circumstances. For each violation, the amount of the penalty shall not exceed the greater of (I) $5,000 for a natural person or $50,000 for any other person, or (II) the gross amount of pecuniary gain to such defendant as a result of the violation.

1

**(ii)** Second tier.—
Notwithstanding clause (i), the ~~amount of penalty~~ amount of a civil penalty imposed under subparagraph (A)(i) for each such violation shall not exceed the greater of (I) $50,000 for a natural person or $250,000 for any other person, or (II) the gross amount of pecuniary gain to such defendant as a result of the violation, if the violation described in subparagraph (A) involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement.

**(iii)** Third tier.—
Notwithstanding clauses (i) and (ii), the ~~amount of penalty for each such violation~~ amount of a civil penalty imposed under subparagraph (A)(i) for each violation described in that subparagraph shall not exceed the greater of (I) $100,000 for a natural person or $500,000 for any other person, or (II) the gross amount of pecuniary gain to such defendant as a result of the violation, if—

**(aa)** the violation described in subparagraph (A) involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement; and

**(bb)** such violation directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons.

* * *

**(4)** **Prohibition of attorneys' fees paid from commission disgorgement funds.—**
Except as otherwise ordered by the court upon motion by the Commission, or, in the case of an administrative action, as otherwise ordered by the Commission, funds disgorged under paragraph (7) as the result of an action brought by the Commission in Federal court, or as a result of any Commission administrative action, shall not be distributed as payment for attorneys' fees or expenses incurred by private parties seeking distribution of the disgorged funds.

**(5)** **Equitable Relief.—**
In any action or proceeding brought or instituted by the Commission under any provision of the securities laws, the Commission may seek, and any Federal court may grant, any equitable relief that may be appropriate or necessary for the benefit of investors.

**(6)** **Authority of a court to prohibit persons from participating in an offering of penny stock.—**

\* \* \*

**(7)** **Disgorgement.—**
In any action or proceeding brought by the Commission under any provision of the securities laws, the Commission may seek, and any Federal court may order, disgorgement.

**(8)** **Limitations periods.—**

    **(A)** **Disgorgement.—**
    The Commission may bring a claim for disgorgement under paragraph (7)—

        **(i)** not later than 5 years after the latest date of the violation that gives rise to the action or proceeding in which the Commission seeks the claim occurs; or

        **(ii)** not later than 10 years after the latest date of the violation that gives rise to the action or proceeding in which the Commission seeks the claim if the violation involves conduct that violates—

            (I) section 10(b);

            (II) section 17(a)(1) of the Securities Act of 1933 (15 U.S.C. 15 77q(a)(1));

            (III) section 206(1) of the Investment Advisers Act of 1940 (15 18 U.S.C. 80b–6(1)); or

      (IV) any other provision of the securities laws for which scienter must be established.

   **(B)** **Equitable Remedies.—**
     The Commission may seek a claim for any equitable remedy, including for an injunction or for a bar, suspension, or cease and desist order, not later than 10 years after the latest date on which a violation that gives rise to the claim occurs.

   **(C)** **Calculation.—**
     For the purposes of calculating any limitations period under this paragraph with respect to an action or claim, any time in which the person against which the action or claim, as applicable, is brought is outside of the United States shall not count towards the accrual of that period.

**(9)** **Rule of Construction.—**
Nothing in paragraph (7) may be construed as altering any right that any private party may have to maintain a suit for a violation of this Act.

\* \* \*

4

# Attachment B

**The National Defense Authorization Act for Fiscal Year 2021, Public Law No. 116-283, Section 6501**

**(as excerpted from the enrolled bill H.R. 6395, available at www.congress.gov)**

H. R. 6395—1238

(B) the degree of reliance by financial institutions on information provided by FinCEN for purposes of obtaining and updating beneficial ownership information;

(C) strategies to improve the accuracy, completeness, and timeliness of the beneficial ownership information reported to the Secretary; and

(D) any other matter that the Secretary determines is appropriate.

# TITLE LXV—MISCELLANEOUS

Sec. 6501. Investigations and prosecution of offenses for violations of the securities laws.
Sec. 6502. GAO and Treasury studies on beneficial ownership information reporting requirements.
Sec. 6503. GAO study on feedback loops.
Sec. 6504. GAO CTR study and report.
Sec. 6505. GAO studies on trafficking.
Sec. 6506. Treasury study and strategy on trade-based money laundering.
Sec. 6507. Treasury study and strategy on money laundering by the People's Republic of China.
Sec. 6508. Treasury and Justice study on the efforts of authoritarian regimes to exploit the financial system of the United States.
Sec. 6509. Authorization of appropriations.
Sec. 6510. Discretionary surplus funds.
Sec. 6511. Severability.

**SEC. 6501. INVESTIGATIONS AND PROSECUTION OF OFFENSES FOR VIOLATIONS OF THE SECURITIES LAWS.**

(a) IN GENERAL.—Section 21(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78u(d)) is amended—

(1) in paragraph (3)—

(A) in the paragraph heading—

(i) by inserting "CIVIL" before "MONEY PENALTIES"; and

(ii) by striking "IN CIVIL ACTIONS" and inserting "AND AUTHORITY TO SEEK DISGORGEMENT";

(B) in subparagraph (A), by striking "jurisdiction to impose" and all that follows through the period at the end and inserting the following: "jurisdiction to—

"(i) impose, upon a proper showing, a civil penalty to be paid by the person who committed such violation; and

"(ii) require disgorgement under paragraph (7) of any unjust enrichment by the person who received such unjust enrichment as a result of such violation."; and

(C) in subparagraph (B)—

(i) in clause (i), in the first sentence, by striking "the penalty" and inserting "a civil penalty imposed under subparagraph (A)(i)";

(ii) in clause (ii), by striking "amount of penalty" and inserting "amount of a civil penalty imposed under subparagraph (A)(i)"; and

(iii) in clause (iii), in the matter preceding item (aa), by striking "amount of penalty for each such violation" and inserting "amount of a civil penalty imposed under subparagraph (A)(i) for each violation described in that subparagraph";

(2) in paragraph (4), by inserting "under paragraph (7)" after "funds disgorged"; and

(3) by adding at the end the following:

"(7) DISGORGEMENT.—In any action or proceeding brought by the Commission under any provision of the securities laws, the Commission may seek, and any Federal court may order, disgorgement.

"(8) LIMITATIONS PERIODS.—

"(A) DISGORGEMENT.—The Commission may bring a claim for disgorgement under paragraph (7)—

"(i) not later than 5 years after the latest date of the violation that gives rise to the action or proceeding in which the Commission seeks the claim occurs; or

"(ii) not later than 10 years after the latest date of the violation that gives rise to the action or proceeding in which the Commission seeks the claim if the violation involves conduct that violates—

"(I) section 10(b);

"(II) section 17(a)(1) of the Securities Act of 1933 (15 U.S.C. 77q(a)(1));

"(III) section 206(1) of the Investment Advisers Act of 1940 (15 U.S.C. 80b–6(1)); or

"(IV) any other provision of the securities laws for which scienter must be established.

"(B) EQUITABLE REMEDIES.—The Commission may seek a claim for any equitable remedy, including for an injunction or for a bar, suspension, or cease and desist order, not later than 10 years after the latest date on which a violation that gives rise to the claim occurs.

"(C) CALCULATION.—For the purposes of calculating any limitations period under this paragraph with respect to an action or claim, any time in which the person against which the action or claim, as applicable, is brought is outside of the United States shall not count towards the accrual of that period.

"(9) RULE OF CONSTRUCTION.—Nothing in paragraph (7) may be construed as altering any right that any private party may have to maintain a suit for a violation of this Act.".

(b) APPLICABILITY.—The amendments made by subsection (a) shall apply with respect to any action or proceeding that is pending on, or commenced on or after, the date of enactment of this Act.

**SEC. 6502. GAO AND TREASURY STUDIES ON BENEFICIAL OWNERSHIP INFORMATION REPORTING REQUIREMENTS.**

(a) EFFECTIVENESS OF INCORPORATION PRACTICES STUDY.—Not later than 2 years after the effective date of the regulations promulgated under section 5336(b)(4) of title 31, United States Code, as added by section 6403(a) of this division, the Comptroller General of the United States shall conduct a study and submit to Congress a report assessing the effectiveness of incorporation practices implemented under this division, and the amendments made by this division, in—

(1) providing national security, intelligence, and law enforcement agencies with prompt access to reliable, useful, and complete beneficial ownership information; and

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2021, I electronically filed the foregoing document with the Clerk of Court for the United States Court of Appeals for the Second Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Stephen G. Yoder
Stephen G. Yoder
Senior Litigation Counsel

Dated: January 13, 2021